## GEORGE B. RICABY CO. v. NAUTS, Collector of Internal Revenue.

District Court, N. D. Ohio, W. D. December 8, 1926.

Nos. 3170, 3171.

Internal revenue ⬅=≫7(28)—Corporation carrying on general real estate business out of current receipts and accrued profits held "personal service corporation" (Revenue Act 1918, § 200 [Comp. St. § 6336⅛a]).

Where small investment in business of corporation engaged in general real estate business, used for furniture and preliminary expenses, was returned to stockholders at end of first year, and thereafter business was carried on wholly out of current receipts and accrued profits, *held,* that corporation was a "personal service corporation," within Revenue Act 1918, § 200 (Comp. St. § 6336⅛a); no capital invested or borrowed being a material income-producing factor.

At Law. Action by the George B. Ricaby Company against Charles H. Nauts, Collector of Internal Revenue. Judgment for plaintiff.

Tracy, Chapman & Walles, of Toledo, Ohio, for plaintiff.

D. L. Sears, Asst. U. S. Atty., of Toledo, Ohio, for defendant.

KILLITS, District Judge. The plaintiff is incorporated under the law of Ohio, with its principal place of business in Toledo, with an authorized capital stock of $75,000. Since its organization, September 30, 1918, it has been engaged in business as a general real estate agent and broker, dividing its activities into four departments: Subdivision, brokerage, rental and management, and loans. But 84½ shares of capital stock were subscribed and paid for by five individuals. $8,450 comprised the entire amount of money invested in the business originally. With this money furniture was bought, and the expenses preliminary to getting the business started were defrayed. The stockholders, except one, with but one (qualifying) share, who is legal counsel, each have given, during the periods under examination in this case, their personal attention wholly to the business of the corporation.

The case involves the taxable status of this corporation under the Tax Law of 1918 (40 Stat. 1057); i. e., whether it should be considered as a personal service corporation. The Board of Tax Appeals held that it was not entitled to that designation, and compelled it to pay taxes as an ordinary cor-

poration, to recover which payments under protest for the years 1919 and 1920 this action is brought.

The facts further show that the business immediately became very profitable and expanded to quite extraordinary proportions, so much so that the stockholders were enabled to withdraw, at the end of the first year, all of the invested capital and surplus, and to do business thereafter wholly on current receipts and accrued profits. No income whatever has been derived from capital, except that a certain amount of Liberty Bonds were purchased and held during the second year, the income of which may be disregarded, as nominal. The evidence is quite clear that the business done so successfully was due to the qualifications for such business enjoyed by the owners of the stock and personally applied by them in the direction and supervision of the work of employees, as well as by personal contacts with customers.

The Board of Tax Appeals rendered no opinion in denying appeal in this case; but in the pamphlet volume in which the case is reported were a number of opinions granting a personal service corporation status to corporations, on facts nowhere, in our judgment, nearly so clear as the facts here. In fact, while on the bench, on mere casual inspection of the pamphlet publication of the United States Board of Tax Appeals, vol. 1, No. 9, we remarked the apparent discrimination which the board had made in this case, inconsistent with its rulings in other cases, and our curiosity that it had not seen fit to explain such action by a memorandum. In our judgment this is typical of that sort of corporation to which Congress, in the Revenue Act of 1918, sought to afford special consideration as a personal service corporation. Here, undoubtedly, the income "is to be ascribed *primarily* to the activities of the principal owners or stockholders, who are themselves *regularly* engaged in the active conduct of the affairs of the corporation"; here, also, it is plain that no capital, invested or borrowed, is or has been "a material income-producing factor." Comp. St. § 6336⅛a.

We have carefully read the briefs in this case, and also the interesting and able decision of Judge Hickenlooper, rendered the first of last June, at Cincinnati, in the case of Hubbard Ragsdale Co. v. Charles M. Dean, Collector (C. C. A.) 15 F. (2d) 410, and the cases cited directly in the brief, including the opinions of the Board of Tax Appeals. Applying the principles of these decisions, it is beyond this court's power to see why this corporation should have been given any other status than that involved in section 200 of the Revenue Act of 1918 (Comp. St. § 6336⅛a), which is the law involved here.

We must find the issues in this case for the plaintiff.