## POSSE-NISSEN SCHOOL OF PHYSICAL EDUCATION, Inc., v. UNITED STATES.

District Court, D. Massachusetts. April 10, 1928.

Internal revenue ⬤═7(33)—Training school corporation held exempt from income tax as "Personal Service Corporation" (Revenue Act 1918, § 230 [Comp. St. § 6336⅛nn]).

A corporation conducting a school for training young women for teaching physical education, which had its capital of $10,000 invested in a building, a part of which it rented, but which derived 89 per cent. of its income from tuition of pupils taught mainly by its principal owners, *held* exempt from income tax imposed by Revenue Act 1918, § 230 (Comp. St. § 6336⅛nn), as "personal service corporation."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Personal Service.]

At Law. Action by the Posse-Nissen School of Physical Education, Inc., against the United States. Judgment for plaintiff.

O. W. Taylor, of Boston, Mass., for plaintiff.

J. M. Leinenkugel, Special Asst. U. S. Atty., of Boston, Mass.

BREWSTER, District Judge. In this proceeding the petitioner seeks to recover income taxes, assessed upon it as a business corporation, on its income for the years 1919, 1920, and 1921. The aggregate amount of the taxes paid was $2,159.07. The petitioner first returned this income as a trading, or business, corporation, but later filed amended returns, for the years involved, as a personal service corporation, and duly filed claims for refund, which were rejected. The authorities charged with the administration of the law refused to classify the corporation as a personal service corporation. The correctness of this decision is now challenged. In order to be classified as a personal service corporation and exempt from the corporation income tax imposed by section 230 of the Revenue Act of 1918 (Comp. St. § 6336⅛nn), the corporation must meet all the requirements of section 200 of the act (Comp. St. § 6336⅛a), which defines a personal service corporation as one whose income is to be ascribed primarily to the activities of the principal stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation, and in which capital, whether invested or borrowed, is not a material income-producing factor.

The United States attorney concedes, and the evidence compels the concession, that in this case the income is to be ascribed pri-

marily to the activities of the principal stockholders who are regularly engaged in the active conduct of the affairs of the corporation. The sole question to be considered is whether, in the affairs of the corporation, capital is a material income-producing factor.

The facts material to this issue may be briefly stated. The petitioner is a Massachusetts corporation, with a capital stock of $10,000. During the years in controversy, it owned a building in Boston where it conducted a school for training young women to become teachers of physical education. On the street floor in this building was a store, which was leased. The rest of the building was given over to a gymnasium, office, and classrooms and other school purposes. The work of the school was carried on in two departments. The physical course covered studies in anatomy, physiology, hygiene, English, history, and kindred subjects. The practical course included gymnastics, athletics, and other gymnasium work.

The balance sheet for the year ending December 31, 1921, may be adopted as typical. It shows:

### Assets.

| | |
|---|---|
| Real estate and building........... | $38,911.00 |
| Furniture and fixtures............ | 1,400.00 |
| Accounts receivable............... | 2,961.46 |
| Cash ........................... | 8,818.64 |
| Total ..................... | $52,091.10 |

### Liabilities.

| | |
|---|---|
| Mortgage ...................... | $10,490.00 |
| Capital stock .................... | 10,000.00 |
| Accounts payable ................ | 675.10 |
| Reserve for depreciation........... | 4,873.75 |
| Surplus ........................ | 26,052.25 |
| Total ..................... | $52,091.10 |

An analysis of the income returned for the three years shows an average annual income, roughly stated, of $19,600, of which approximately 89 per cent. came from tuitions and 11 per cent. from other sources.

The income other than tuitions consisted of rent received from the store, interest on bank balance, and profits derived from the sale of supplies. The interest and profits constituted about one-half of 1 per cent., and, as a matter of fact, the return for 1921 showed a loss rather than a profit resulting from the transactions in supplies.

From these figures, it is plain that the income accruing to the corporation from the activities in which it was engaged came from tuition. The other items of income were merely incidental to the main purpose.

If the petitioner had rented, rather than owned, the building in which it conducted its training school, the fact that it might occasionally become necessary to use its capital for payment of rent, for salaries, and for other expenses would not be sufficient to deprive it of its status as a personal service corporation. Park Amusement Co. v. McCaughn (D. C.) 14 F.(2d) 553; Armstrong Co. v. McCaughn (D. C.) 21 F.(2d) 636; Ricaby Co. v. Nauts (D. C.) 19 F.(2d) 271.

If I understand the argument made on behalf of the government, it is that the petitioner had invested its capital and surplus in a building which it used for a gymnasium, for offices, schoolrooms, and other school purposes, and that this capital so invested was therefore a material income-producing factor. But, except as to the store, the investment yielded no income apart from the services rendered. The income-producing factor was the personal service rendered by the principal stockholders and their assistants. So far, therefore, as this property was employed for corporate purposes, it cannot be said that it was an income-producing factor. Every personal service corporation must have capital invested in the equipment and tools necessary to carry on its work. That part of petitioner's building which did produce income was not used by the corporation in the pursuit of any of the purposes for which the corporation was created. The fact that it received rent for that portion of the building which it did not need for school purposes, and thereby reduced overhead expense, affords no reason for denying to the corporation its character as a personal service corporation. The amount of the income received as rent, while it may be significant, is not to be taken as the only test to determine whether the corporation meets the requirements of the statute. Was capital a material factor in producing the income which resulted from the activities of the corporation? So far as it produced rent, the result was incidental, rather than material, upon the facts shown to exist in the case at bar. This case is analogous to those cases where a corporation has capital in excess of that actually needed for its activities, and has invested it in income-producing securities. Such corporations have been held entitled to classification as personal service corporations. Fuller & Smith v. Routzahn (D. C.) 23 F.(2d) 959.

My conclusion is that the decision of the authorities, denying the petitioner classification as a personal service corporation, was erroneous, and that it is entitled to recover

in these proceedings the taxes paid for the years 1919, 1920, and 1921.

The petitioner has submitted requests for findings of fact and rulings of law. These requests are consistent with the foregoing opinion, and I grant them.